**In re Ricky Daniel HESS, Debtor.**

**Bankruptcy No. 7–81–01297.**

United States Bankruptcy Court,
W.D. Virginia,
Abingdon Division.

July 12, 1984.

See also, Bkrtcy., 21 B.R. 465.

Henry A. Whitehurst, Christiansburg, Va., for debtor.

James P. Jones, Bristol, Va., for Johnston Memorial Hosp.

Robert E. Wick, Jr., Bristol, Va., Trustee.

## MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

Johnston Memorial Hospital, a creditor, objects to the Chapter 7 Trustee's final accounting and proposed distribution on the grounds that it fails to recognize the secured status of the hospital. The creditor filed a Motion for Abandonment by the Trustee of certain funds on which the hospital claims a valid judicial lien and requests disbursement of said funds pursuant to 11 U.S.C. § 725.

The relevant facts are not in dispute.

In February, 1979, Ricky Daniel Hess (Debtor) sustained injuries in an automobile accident and was treated by Johnston Memorial Hospital (Hospital). When the Debtor was unable to pay for services rendered, the Hospital obtained judgment in the Circuit Court of Washington County, Virginia, on January 10, 1980, in the amount of $23,276.12, with interest and costs. The Hospital's judgment was docketed on January 15, 1980.

On January 26, 1981, the Debtor settled his personal injury suit against the driver of the vehicle in which he had been riding at the time of the accident and was paid $25,000.00 by the liability insurance carrier. After deducting attorney's fees and statutory medical expenses required by Virginia law to be paid to treating hospitals and physicians, Hess deposited the remaining proceeds (approximately $16,000.00) in People's Bank, Inc. in Honaker, Virginia. A $10,000.00 certificate of deposit and a $6,000.00 passbook savings account were established in the name of the Debtor's sister, Carmie Peck, in trust for his infant daughter, Crystal Denise Hess.

On April 8, 1981, a writ of *fieri facias* was issued by the Clerk of the Circuit Court of Washington County on behalf of the Hospital and delivered to the sheriff of Russell County for execution.

Debtor filed a Chapter 7 petition in this court on October 22, 1981. Subsequently, the Hospital filed suit seeking to set aside the Debtor's transfer of proceeds from his personal injury settlement under 11 U.S.C. § 548, alleging that such transfer was fraudulent. The Hospital further sought to prevent Debtor's discharge in bankruptcy pursuant to 11 U.S.C. § 727(a)(2)(A). In accordance with the decision of the U.S. Court of Appeals for the Fourth Circuit, it was ultimately determined that the transfer of funds by the Debtor was fraudulent and, by order entered October 18, 1983,

People's Bank was directed to turn over said funds to the Chapter 7 Trustee. Debtor was denied a discharge in bankruptcy by order of this court on October 31, 1983.

The Hospital claims a valid judicial lien on the proceeds held by the Trustee by virtue of the writ of *fieri facias* issued April 8, 1981 in connection with its judgment. Counsel for Hospital argues that the issuance and delivery of the writ to the sheriff created a lien on all intangible personal property of the Debtor, which lien is perfected in bankruptcy without further enforcement. In support of its position, counsel cites *Virginia Code* § 8.01–501 (1977 Repl.Vol.) and *In re Acorn Electric Supply, Inc.*, 348 F.Supp. 277 (E.D.Va. 1972).

Section 8.01–501 of the *Code of Virginia* (1950) provides:

"Every writ of *fieri facias* shall, in addition to the lien it has under §§ 8.01–478 and 8.01–479 on what is capable of being levied on under those sections, be a lien from the time it is delivered to a sheriff or other office to be executed, *on all the personal estate of or to which the judgment debtor is, or may afterwards and on or before the return day of such writ become possessed or entitled*, in which, from its nature is not capable of being levied on under such sections, except such as is exempt under the provisions of Title 34, and except that, as against an assignee of any such estate for valuable consideration, the lien by virtue of this section shall not affect him unless he had notice thereof at the time of the assignment." (emphasis added)

The lien described in the foregoing section is perfected against unleviable, intangible personal property which the judgment debtor possesses (or is entitled to possess) at the time the *fieri facias* writ is delivered to the sheriff or acquires possession of (or

entitlement thereto) at any time up to, and including, the return date of the writ.

As the facts stipulated in the instant case fail to mention the return date of the writ in question, the court must assume the usual 90-day period; thus, the writ of *fieri facias* issued on April 8, 1981 would have a return date of July 8, 1981. Any property of the type described in § 8.01–501 which Hess possessed or acquired from April 8, 1981 through July 8, 1981 would be subjected to the lien of the Hospital.

The parties have stipulated that Hess received the proceeds from the personal injury settlement on January 26, 1981 and deposited the same with Peoples Bank in a certificate of deposit and passbook savings account in the name of Carmie Peck, in trust for Crystal Denise Hess, on that date. The Debtor thus surrendered all rights to those funds, the legal and beneficial interests passing to his sister and infant daughter, respectively [*see* 76 *Am.Jur.2d*, Trusts §§ 31–37]. At no time during the period from April 8, 1981 through July 8, 1981 did the Debtor have possession or entitlement to the funds. Although it was ultimately determined that the transfer was fraudulent in nature and, therefore, voidable, until such transfer was actually avoided pursuant to 11 U.S.C. § 548 [1], Hess had no interest in the subject proceeds. On October 18, 1983, this court entered an order avoiding the transfer and recovering the proceeds held by People's Bank for the benefit of the Debtor's estate. The avoidance, however, did not retroactively confer an interest in this property to Hess or his estate. Accordingly, there was no property of the Debtor against which the Hospital's alleged lien could be perfected.

Counsel for Dr. Hulvey, one of the creditors herein, asserts the position that the bank account created did not constitute intangible property upon which the *fieri faci-*

---

**1.** § 548. Fraudulent Transfers and Obligations.
(a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor—

(1) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer occurred or such obligation was incurred...

*as* would attach without levy under the *Uniform Commercial Code of Virginia,* § 8.9–106. This Section defines "account" and "general intangibles" and makes them mutually exclusive each of the other. *See Leake v. The First Nat. Bank, etc.,* 40 B.R. 493 (Bank.W.D.Va.1984), where this Section was construed. Under § 8.9–106, the definition could very well exclude the bank account as an intangible as an additional ground for denying the Hospital's claim to a secured status. This is particularly so when viewed with *Virginia Code* § 8.01–478 reciting property upon which levy may be made.

For the reasons stated above, it is

ADJUDGED and ORDERED

that the claim of Johnston Memorial Hospital be, and the same is hereby allowed as a general unsecured claim along with Dr. Hulvey, and the Trustee shall make distribution of said funds accordingly to all creditors.

Service of a copy of this Memorandum Opinion and Order shall be made by mail to the Debtor, Debtor's Attorney, Trustee, and to counsel for Johnston Memorial Hospital.